# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3244/3245

———————

| | | |
|---|---|---|
| Fifty Below Sales & Marketing, Inc., | * | |
| a Minnesota corporation, | * | |
| | * | |
| Plaintiff/Appellant, | * | Appeals from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant/Appellee. | * | |

———————

Submitted: March 16, 2007
Filed: August 14, 2007

———————

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Fifty Below Sales & Marketing, Inc., appeals from the district court's[1] entry of summary judgment against it in its two suits to require the Internal Revenue Service to enter installment agreements in lieu of levying on Fifty Below's property. Fifty Below contends that in declining to enter an installment agreement, the IRS appeals officer failed to consider Fifty Below's current ability to make payments under a proposed installment agreement and failed to balance the need for efficient tax

———————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

collection against the need to minimize the intrusiveness of such collection. We affirm the judgments of the district court.

Fifty Below is a Minnesota corporation that provides Internet marketing services and designs web pages. Since it began operations in 1997, it has had employment tax arrearages, both in the taxes which it withholds from employees (income and Federal Insurance Contribution Act (FICA) taxes) and in the Federal Unemployment Act taxes it owes in its own right. It brought two suits under 26 U.S.C. § 6330(d)(1) (2000), amended by Pension Protection Act of 2006, Pub. L. No. 109-280, § 855(a), 120 Stat. 780, appealing from the decisions of the Internal Revenue Service appeals officer in collections due process proceedings. The appeals officer in the first proceeding concluded that the IRS's Notice of Intent to Levy, dated January 21, 2005, was properly issued. The second appeal involves a separate Notice of Intent to Levy and a separate decision by the appeals officer; however, the parties agreed to be bound in the second case by the result in the first.

The district court's review of a collection due process decision rendered by an appeals officer under section 6330 is limited to the administrative record before the appeals officer, subject to exceptions that are not applicable here. Robinette v. Comm'r, 439 F.3d 455, 461-62 (8th Cir. 2006); see generally Murphy v. Comm'r, 469 F.3d 27, 31 (1st Cir. 2006) (listing exceptions to administrative record rule). Review of the administrative decision is markedly deferential: if the amount of tax owed is not in dispute, courts may disturb the administrative decision only if it constituted "a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS." Robinette, 439 F.3d at 459 (internal quotation marks omitted). The courts so far have not established a test for deciding when the IRS has committed "clear taxpayer abuse," but we can say with assurance that where the IRS followed the statutes and regulations governing grants of relief, see Speltz v. Comm'r, 454 F.3d 782, 784-85 (8th Cir. 2006), and the appeals officer took into account the taxpayer's proposed alternative and the statutory balancing test, followed the prescribed procedures, gave a reasoned

decision, and did not rely on any improper criteria or facts that are contrary to the evidence, we may not reverse simply because we would have weighed the equities differently than the appeals officer did.  See Orum v. Comm'r, 412 F.3d 819, 820-21 (7th Cir. 2005).

Our review of the district court's decision is de novo.  See Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625 & n.4 (6th Cir. 2005) (treating district court's decision under § 6330(d) as grant of summary judgment).

The statute permits a taxpayer in a collection due process hearing to raise the issue of "collection alternatives [to the proposed levy], which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  § 6330(c)(2)(A)(iii).  The IRS must follow any applicable statutory or regulatory criteria that govern the question of whether to allow the particular collection alternative the taxpayer has requested, Speltz, 454 F.3d at 784-85, in this case, a collection installment agreement.  The circumstances under which the IRS may enter into an installment agreement are governed by 26 U.S.C. § 6159 and 26 C.F.R. § 301.6159-1. Fifty Below does not contend that the IRS district director violated any particular provision of sections 6159 or 301.6159-1.  Nor does it contend that the appeals officer relied on factual determinations contrary to the evidence.  Cf. Speltz, 454 F.3d at 783, 786 (declining to consider whether concededly incorrect factual determination was abuse of discretion because issue not raised before Tax Court).  The appeals officer conducting the collection due process hearing must consider the taxpayer's proffered collection alternatives, as well as "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more intrusive than necessary."  § 6330(c)(3)(C).

Fifty Below contends that the appeals officer failed to consider a relevant factor, that is, whether Fifty Below has the current ability to pay in accordance with

its proposed installment plan. To the contrary, the administrative record shows that the appeals officer did consider whether Fifty Below could pay in accordance with its proposal, but he concluded that it could not do so. The attachment to the Notice of Determination Concerning Collection Action under Section 6330 states:

> You stated of [sic] Form 12153 that you wanted the IRS to accept a payment plan. The corporation first accrued an employment tax liability with its first employment tax return in 1997 and has been in collection status ever since. The corporation has had 8 years worth of opportunities to get and remain current. Unfortunately, other than 2001 and 2002, the corporation has failed to get and remain current. The result has been that the longer your business has been in business, the larger the employment tax liability has grown.
> The corporation has been given alternatives to collection action in the past including an accepted Offer in Compromise and installment agreements. These have been defaulted by the corporation due to noncompliance. The last tax due employment tax return was the recently filed 941 for the first quarter of 2005. Given all factors, including a multimillion dollar employment tax liability, noncompliance thru the last filed employment tax return, the length of this problem and past failures, Appeals has determined that an Installment Agreement is not appropriate . . . .

This excerpt shows that the appeals officer took into account Fifty Below's history of failure to live up to two previous installment agreements and an earlier proposed Offer in Compromise, as well as its noncompliance with current obligations. These are legitimate considerations weighing against accepting a taxpayer's offer. Christopher Cross, Inc. v. United States, 461 F.3d 610, 613 (5th Cir. 2006); Orum, 412 F.3d 820-21. He also took into account the multi-million dollar size of the taxpayer's existing liability, plus the fact that Fifty Below had continued to fall further and further behind as time went on, which the IRS refers to as "pyramiding" taxes, and which legitimately weighs against a taxpayer's request for a second (or third or fourth) chance. Orum, 412 F.3d at 821. Moreover, the appeals officer's notes, which are part

of the administrative record, 26 C.F.R. § 301.6330-1; see Robinette, 439 F.3d at 462, are rife with discourse about whether Fifty Below could meet the proposed monthly installments of $50,000, followed by $75,000, followed by $100,000. The appeals officer was skeptical of Fifty Below's claim that it could cut its payroll expenses enough to make a difference:

> The records provided by the taxpayer show that they have reduced payroll by 11%. Note too that the taxpayers made the same claim that they had reduced employees and gotten their financial house in order in 2002. This was just before they accrued another $1,000,000 in new liabilities.

He did not believe that Fifty Below's business was likely to generate enough income to avoid further pyramiding of taxes:

> In my 17 years working for the IRS, I have yet to see a small business (gross receipts $5 million or less) put away $2.5 million in trust fund taxes through an installment agreement. The balance due simply boggles the mind when balanced against other competing expenses and priorities of the business.

He also expressed skepticism about the company's projected financial results, which he considered unfounded and inconsistent with Fifty Below's current failures to make payments it had promised to make: "The P&L projections are pretty much guesstimates. The fact that [taxpayer] proposed payments for the month of March and April and both months have come and gone without payments doesn't help." The administrative record abundantly substantiates that the appeals officer did in fact consider Fifty Below's current ability to pay.

Fifty Below further argues that the appeals officer failed to conduct the statutorily prescribed balancing test, but the attachment to the Notice of Decision shows that he did:

> Balancing the need for efficient collection with the taxpayer conern that the collection action be no more intrusive than necessary.
> P-5-1 states that enforcement is a necessary component of a voluntary assessment system. Since you have been unable to get and remain current, the IRS has little choice but to pursue enforcement action to collect this account.

Fifty Below contends that the appeals officer did not take into account the possibility of entering an installment agreement. This contention is patently contrary to the record, which shows that the appeals officer thoroughly considered the installment proposal, but rejected it because he thought history showed Fifty Below would not be able to comply with its own proposal. There is no abuse of discretion of any kind here, not to mention a showing of clear abuse of the taxpayer by the IRS. See Robinette, 439 F.3d at 459.

We affirm the judgments of the district court.

_____