T.C. Memo. 2010-212

UNITED STATES TAX COURT

RICK AND PATRICIA MAHLUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26443-09L.                    Filed September 30, 2010.

<u>Mark A. Pridgeon</u>, for petitioners.

<u>Christina L. Cook</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Rick and Patricia Mahlum owed more than

$15,000 in unpaid income tax for 2007.  The Commissioner wrote

them and threatened to collect by levying upon their property.

The Mahlums asked for a collection due process (CDP) hearing and

then at the hearing asked--as an alternative to the government's

seizing their property--to have their debt placed in "currently not collectible" status.

The settlement officer who ran the hearing rejected their request after speaking with the Mahlums' attorney. She explained that the IRS would not consider any alternative to collection unless the Mahlums turned in a financial statement, verified that they had paid estimated tax on their 2009 income, and submitted a copy of their 2008 tax return. The settlement officer never received these documents and, after waiting a while, sent a notice of determination in October 2009 denying the Mahlums' request to be placed in noncollectible status. The Mahlums (residents of Minnesota) filed their petition. The case was heading to trial in St. Paul when the parties agreed on the contents of the administrative record; the Commissioner has now moved for summary judgment.

There are only two issues. The first is whether we can look to evidence outside the administrative record. This case is appealable to the Eighth Circuit, which has ruled that we may not. In Robinette v. Commissioner, 439 F.3d 455, 459-61 (8th Cir. 2006), revg. 123 T.C. 85 (2004), and Fifty Below Sales & Mktng., Inc. v. United States, 497 F.3d 828, 829 (8th Cir. 2007), that circuit ruled that the scope of review in a CDP case is limited to the administrative record. The Mahlums promised to supply the missing information and urge us, under Lardas v.

Commissioner, 99 T.C. 490, 494-95 (1992) and Internal Revenue Code section 6330, to look beyond the record and take their promise into consideration. We will not: We have to follow Eighth Circuit precedent. See Golsen v. Commissioner, 54 T.C. 742, 756-57 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

The second issue is whether, looking at the administrative record, we should find that the settlement officer abused her discretion when she rejected the Mahlums' suggested alternative to collection. But the Mahlums had neither submitted financial data nor become current with their tax-return filings for later years. We have held that the Commissioner does not abuse his discretion by rejecting a collection alternative on either ground. See, e.g., Giamelli v. Commissioner, 129 T.C. 107, 110-12 (2007) (no abuse of discretion when the taxpayer has not complied with current tax obligations); Swanton v. Commissioner, T.C. Memo. 2010-140 (no abuse of discretion when the taxpayer has not submitted financial information).

Failing in both ways mitigates neither. We will grant the Commissioner's motion for summary judgment, and

An order and decision will be entered for respondent.