T.C. Memo. 2012-208

UNITED STATES TAX COURT

CHARLES JOSEPH MOSER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4485-10L.                    Filed July 23, 2012.

Charles Joseph Moser, pro se.

Joline M. Wang, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge: Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of respondent's determination to sustain the filing of a Federal tax

_____

[1] Unless otherwise indicated, all sections references are to the Internal
Revenue Code, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

lien to collect petitioner's unpaid Federal income tax liabilities for 2002 and 2003. The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, to which petitioner objects. We conclude that there is no genuine issue as to any material fact, and respondent is entitled to summary judgment as a matter of law.

Background

Petitioner did not file a Federal income tax return for 2002 or 2003. Consequently, the Internal Revenue Service (IRS) prepared substitutes for returns for both years on the basis of information returns filed by third-party payors with the IRS. On March 6 and October 10, 2006, the IRS mailed petitioner statutory notices of deficiency for 2002 and 2003, respectively. These notices were addressed to petitioner's last known address, P.O. Box 550, Humphrey, NE 68642.[2] Petitioner has lived at the same address since 1995 but has used a couple of different post office boxes.

---

[2] As proof that the IRS mailed the notices of deficiency, respondent attached to his motion for summary judgment an IRS certified mailing list containing the name and address of the sender and recipients, the article number of each parcel, the date of mailing, the year of the statutory notice of deficiency, a designation that the postage fees were paid, and a postmaster stamp--the same information as found on U.S. Postal Service Form 3877 (Form 3877).

Petitioner did not file a petition with the Court contesting the deficiency determinations, and on September 18, 2006, and March 12, 2007, the IRS assessed the tax for 2002 and 2003, respectively. Petitioner failed to pay the assessed tax, and on August 19, 2008, the IRS sent him Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). Petitioner received and signed for the levy notice on August 21, 2008, but did not request a collection due process (CDP) hearing.

On June 25, 2009, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On July 31, 2009, the IRS received petitioner's timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), in which he requested a CDP hearing to dispute the underlying tax liabilities. Petitioner did not request any collection alternatives.

On November 12, 2009, Settlement Officer Maryanne Phillips of the IRS Office of Appeals (Appeals) sent petitioner a letter scheduling a telephone CDP hearing for December 8, 2009. The letter advised petitioner that Appeals could consider the underlying tax liabilities only if he had not otherwise had an opportunity to dispute the liabilities with Appeals or had not received statutory notices of deficiency for the liabilities in question. The letter further advised

petitioner that in order for Settlement Officer Phillips to consider collection alternatives, he had to provide her with Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, file all required tax returns,[3] and make estimated tax payments for 2009. Finally, the letter instructed petitioner to contact Settlement Officer Phillips within 14 days if the scheduled time for the CDP hearing was inconvenient or if he would prefer a face-to-face hearing.

On December 7, 2009, petitioner sent Settlement Officer Phillips a fax requesting a face-to-face CDP hearing, or in the alternative, a more convenient date and time for a telephone hearing. The fax was inadvertently misplaced in another settlement officer's mailbox. On December 8, 2009, Settlement Officer Phillips was unable to reach petitioner at the scheduled time for the CDP hearing, and on that same day she sent him a letter providing him with an additional 14 days to provide the previously requested information. On December 14, 2009, petitioner sent Settlement Officer Phillips a letter setting forth his frustrations in contacting her and disputing the underlying tax liabilities. This letter was also misplaced in the other settlement officer's mailbox.

---

[3] Settlement Officer Phillips requested signed tax returns for 2001, 2004, 2005, 2006, 2007, and 2008, even though petitioner has not filed a tax return since 1995.

On January 6, 2010, Settlement Officer Phillips received the two misplaced items and determined that it was appropriate to proceed with collection on the basis of her review of the items and the case file. On January 21, 2010, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the lien. On February 19, 2010, petitioner timely filed a petition with the Court.

On account of the misplacement of petitioner's correspondence, respondent's counsel filed a motion with the Court on March 17, 2011, to remand the case to Appeals so that the IRS could conduct a face-to-face CDP hearing with petitioner. Petitioner had no objection to the motion, which the Court granted on March 22, 2011.

Pursuant to the Court's order, Settlement Officer Jane Edwards of Appeals conducted a face-to-face CDP hearing with petitioner on June 28, 2011, in Omaha, Nebraska. At the hearing, Settlement Officer Edwards asked petitioner whether he had received the statutory notices of deficiency for 2002 and 2003; petitioner responded that he thought he had. Petitioner provided Settlement Officer Edwards with a document from the county property assessor listing his address as P.O. Box 550, Humphrey, NE 68642, the same address as listed on the notices of deficiency and the IRS certified mailing list. Petitioner told Settlement Officer Edwards that he

could prepare all of the delinquent tax returns and provide a completed Form 433-A. Settlement Officer Edwards gave petitioner a deadline of July 31, 2011, which she later extended to August 23, 2011. Petitioner did not send any of the requested information, and on November 1, 2011, respondent sent petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the lien.

## Discussion

I.    Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). We conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

II.   Determination To Sustain the Notice of Federal Tax Lien

If a taxpayer requests a hearing in response to a notice of Federal tax lien or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals. Sec. 6330(b)(1), (3).

The hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability, unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following a hearing, Appeals must determine whether to sustain the filing of the lien and whether proceeding with the proposed levy action is appropriate. In making that determination, Appeals is required to take into consideration: (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the

taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. The U.S. Court of Appeals for the Eighth Circuit, to which an appeal of this case would lie absent a stipulation to the contrary, describes the abuse of discretion standard as "markedly deferential: if the amount of tax owed is not in dispute, courts may disturb the administrative decision only if it constituted 'a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS.'" Fifty Below Sales & Mktg., Inc. v. United States, 497 F.3d 828, 830 (8th Cir. 2007) (quoting Robinette v. Commissioner, 439 F.3d 455, 459 (8th Cir. 2006), rev'g 123 T.C. 85 (2004)).

A.    Petitioner's Challenge to the Underlying Tax Liabilities

Petitioner disputes the underlying tax liabilities for 2002 and 2003. Section 6330(c)(2)(B) precludes petitioner from challenging the existence or amount of the

liabilities unless he did not receive statutory notices of deficiency for the liabilities or did not otherwise have an opportunity to dispute the liabilities.

A properly completed Form 3877 reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's correct address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer. United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976) ("The form [3877] is considered highly probative evidence that the notice of deficiency was sent to the addresses specified."); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990). A certified mailing list containing the same information as Form 3877 may also be relied upon to establish mailing. Jordan v. Commissioner, T.C. Memo. 2011-243 (citing Hoyle v. Commissioner, 136 T.C. 463, 468 (2011)). Furthermore, compliance with Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. See Coleman v. Commissioner, 94 T.C. at 91. If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B). See, e.g., Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155.

Respondent attached to his motion for summary judgment an IRS certified mailing list containing the same information as found on Form 3877. The record contains no evidence to rebut the presumption that the notices of deficiency for 2002 and 2003 were properly mailed to petitioner's last known address.[4] Petitioner did not dispute receiving the notices of deficiency; to the contrary, he admitted receiving the 2002 notice and could not recall whether he had received the 2003 notice, but he told Settlement Officer Edwards that he thought he had. Thus, we find that petitioner had a prior opportunity to dispute the underlying tax liabilities for 2002 and 2003 and was precluded from challenging the liabilities at the CDP hearing.[5]

---

[4] While petitioner stated to Settlement Officer Edwards at the CDP hearing that he has used a couple of different post office boxes, he provided to Settlement Officer Edwards a document listing his address as P.O. Box 550, Humphrey, NE 68642, the same address as listed on the IRS certified mailing list.

[5] Even assuming arguendo that petitioner did not receive the statutory notices of deficiency, he otherwise had a prior opportunity to challenge the underlying tax liabilities by timely filing a request for a CDP hearing in response to the levy notice, which he admitted to receiving and signing for on August 21, 2008. See sec. 301.6320-1(e)(3), A-E7, Proced. & Admin. Regs.; see also Bell v. Commissioner, 126 T.C. 356 (2006) (finding that a prior opportunity to dispute the underlying tax liability includes a prior hearing pursuant to sec. 6330). This statutory preclusion is triggered by the opportunity to contest the underlying liabilities, even if the opportunity is not pursued. Bell v. Commissioner, 126 T.C. at 358 (citing Goza v. Commissioner, 114 T.C. 176, 182-183 (2000)).

B. Abuse of Discretion

Where, as here, the amounts of a taxpayer's underlying tax liabilities are not properly at issue, we review the Commissioner's determination for abuse of discretion. Petitioner contended in the petition that it was an abuse of discretion to sustain the lien after Appeals "blatantly disregarded" his request for a face-to-face CDP hearing or a new date and time for a telephone hearing. This argument is rendered moot because the Court granted respondent's motion to remand for a supplemental face-to-face CDP hearing.[6]

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the lien constituted clear taxpayer abuse and unfairness by the IRS. Petitioner did not request any collection alternatives in his CDP hearing request, nor did he file any of the delinquent tax returns or submit a Form 433-A. Appeals determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining

---

[6] We note that it would not have been an abuse of discretion to deny petitioner a face-to-face CDP hearing because he presented only irrelevant or frivolous arguments (contending that he does not owe the tax until the IRS presents him with original source documents of their claim) in the CDP request and the follow-up fax and letter to Settlement Officer Phillips. See sec. 301.6330-1(d)(2), Q&A-D7 and Q&A-D8, Proced. & Admin. Regs.; see also Golditch v. Commissioner, T.C. Memo. 2010-260; Huntress v. Commissioner, T.C. Memo. 2009-161; Summers v. Commissioner, T.C. Memo. 2006-219; Ho v. Commissioner, T.C. Memo. 2006-41.

the lien appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the lien action. Accordingly, respondent did not abuse his discretion in sustaining the lien.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit. To reflect the foregoing,

An appropriate order and decision will be entered for respondent.