# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1071

_____

Bruce A. Hauptman

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

No. 15-1073

_____

Bruce A. Hauptman

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: June 14, 2016
Filed: August 2, 2016

_____

Before SMITH and GRUENDER, Circuit Judges, and KETCHMARK,[1] District Judge.

_____

GRUENDER, Circuit Judge.

Bruce A. Hauptman sought judicial review of the Commissioner of Internal Revenue Service's ("IRS") notices of determination permitting a levy to collect Hauptman's unpaid income tax liabilities for tax years 1992 through 1996. The tax court upheld the IRS's determinations. Hauptman appeals, arguing (1) that the tax court lacked jurisdiction and (2) that the IRS abused its discretion when it rejected Hauptman's offer-in-compromise. We affirm.

I.

Hauptman is an investment consultant who owned controlling interests in firms that managed over $100 million in client funds in the mid-1990s. Hauptman did not timely file federal income tax returns during any year from 1992 through 1996. Hauptman eventually filed returns for these years, but he did not pay the amounts due on the late-filed returns. As a result, the IRS assessed Hauptman for those amounts. As of 2007, his liability for tax years 1992 through 1996 totaled $13,052,711.30. Hauptman does not contest any portion of that liability.

In February 2007, the IRS sent Hauptman notices that it intended to use levies to collect his income tax liability. These notices informed Hauptman that he had the right to a collection due process ("CDP") hearing before the IRS Office of Appeals to contest the proposed levies. Hauptman requested a CDP hearing and argued that

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri, sitting by designation.

the proposed levies were not appropriate because "an offer in compromise should be accepted as a reasonable alternative to enforced collection." After the CDP hearing, the Office of Appeals issued notices of determination upholding the proposed levies.

Hauptman filed petitions in the tax court challenging the notices of determination. The IRS moved for summary judgment, which the tax court denied. The parties then agreed to allow Hauptman to submit an offer-in-compromise for tax years 1992 through 1996. Instead of remanding the case, the tax court granted a continuance of Hauptman's petitions while the IRS considered his offer.

Hauptman submitted his offer in February 2010. His liability at the time of the offer was approximately $15.5 million. He proposed to settle that liability by paying $500,000 within four months. Hauptman also submitted financial information for himself as well as various companies that he controlled. In these statements, Hauptman assigned a value of roughly $3 million to his various companies. He also claimed that his living expenses totaled over $10,000 per month and that his income was $15,284 per month.

The IRS rejected Hauptman's offer, reasoning that Hauptman had "an egregious history of past non-compliance" and "ha[d] not reported any income" or paid any taxes for several years. The IRS noted that Hauptman had caused various firms to pay his personal expenses to fund his "lavish life style." Further, although Hauptman valued his numerous firms at roughly $3 million, he had valued these same entities at $12 million on prior loan documents. The IRS concluded that "acceptance of [the] offer would not be in the best interest of the government."

Hauptman appealed the rejection of his offer to the IRS Office of Appeals. In July 2012, the Office of Appeals sent Hauptman supplemental notices of determination rejecting the offer-in-compromise as not in the best interest of the government. The Office of Appeals provided a thorough review detailing its reasons

for its decision. It concluded that Hauptman had failed to report all of his income on his tax returns, failed to fully disclose his financial situation during the CDP proceedings, and failed to prioritize the payment of taxes. The Office of Appeals calculated Hauptman's reasonable collection potential to be $12,156,983.35.

After the Office of Appeals issued the supplemental notices of determination, the tax court restored Hauptman's petitions to its docket and consolidated the petitions for trial. The sole issue presented by the parties was whether the IRS abused its discretion by rejecting Hauptman's $500,000 offer-in-compromise. On October 9, 2014, the tax court upheld the Office of Appeals's decision rejecting Hauptman's offer.

## II.

## A.

Hauptman first argues that the tax court lacked jurisdiction to review the Office of Appeals's supplemental notices of determination. We review *de novo* challenges to a court's subject matter jurisdiction. *Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000). After denying the IRS's initial motions for summary judgment, the tax court continued the case and allowed the parties to attempt to reach a compromise. According to Hauptman, the tax court should have issued an order formally remanding the case to the Office of Appeals instead of continuing the case while proceedings continued below. Hauptman contends that, because the tax court never formally remanded the case to the Office of Appeals, the tax court lacked jurisdiction to consider Hauptman's petitions challenging the supplemental notices of determination.

We disagree. The tax court's jurisdiction over the notices of determination is governed by 26 U.S.C. § 6330. A taxpayer can challenge the collection of taxes by

-4-

levy by requesting a CDP hearing before the Office of Appeals. *Id.* § 6330(a). During the CDP proceedings, a taxpayer may make "offers of collection alternatives," including "an offer-in-compromise." *Id.* § 6330(c)(2)(A)(iii). Following a hearing, the Office of Appeals issues a determination concerning the proposed levy. *Id.* § 6330(c)(3). Within thirty days of that determination, the taxpayer may "petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." *Id.* § 6330(d)(1). Thus, under the relevant statute, there are two prerequisites to the tax court's exercise of jurisdiction. First, the Office of Appeals must issue a notice of determination following a CDP hearing. *See, e.g.*, *Gillum v. Comm'r*, 676 F.3d 633, 647 (8th Cir. 2012). Second, the taxpayer must file a petition challenging that determination within thirty days after the determination is issued. *See Gray v. Comm'r*, 723 F.3d 790, 793 (7th Cir. 2013).

Hauptman does not contest that both of these conditions were satisfied here. Rather, he argues that the tax court's jurisdiction over the original notices of determination does not extend to the supplemental notices of determination. Yet Hauptman cites to no authority to support his claim that there are additional requirements before a tax court can exercise jurisdiction over supplemental notices. Instead, the case on which he principally relies makes clear that the same jurisdictional prerequisites apply before a tax court can consider supplemental notices of determination. *See Ginsberg v. C.I.R.*, 130 T.C. 88, 92-93 (2008) ("The supplemental determination notice is merely a supplement to the original determination notice and relates back to the original determination notice. It is not a new determination and does not provide the taxpayer any additional appeal rights."); *see also Kelby v. C.I.R.*, 130 T.C. 79, 86 (2008) ("[W]hen the [tax court] remands a case to [the Office of] Appeals, the further hearing is a supplement to the taxpayer's original section 6330 hearing, not a new hearing."). We thus reject Hauptman's challenge to the tax court's jurisdiction.

B.

Hauptman also argues that the IRS erred when it rejected his offer-in-compromise. He does not dispute his tax liability. The tax court reviews the rejection of an offer-in-compromise for abuse of discretion. *Fifty Below Sales & Mktg., Inc. v. United States*, 497 F.3d 828, 830 (8th Cir. 2007). We review the tax court's decision *de novo*. *Id.*

When a taxpayer challenges a proposed levy, the IRS must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C). Here, the IRS considered and rejected Hauptman's offer to settle approximately $15.5 million in unpaid income taxes and penalties by paying $500,000 within four months.

> [W]here the IRS followed the statutes and regulations governing grants of relief, and the appeals officer took into account the taxpayer's proposed alternative and the statutory balancing test, followed the prescribed procedures, gave a reasoned decision, and did not rely on any improper criteria or facts that are contrary to the evidence, we may not reverse simply because we would have weighed the equities differently than the appeals officer did.

*Fifty Below*, 497 F.3d at 830 (internal citation omitted). We agree with the tax court's conclusion that the Office of Appeals did not abuse its discretion when it rejected Hauptman's offer-in-compromise based on its well-supported findings that Hauptman had not complied with his income tax obligations, that he had not fully disclosed his financial circumstances during the CDP proceedings, and that he had not prioritized payment of his tax liabilities.

Hauptman advances several arguments to the contrary. He argues that the Office of Appeals could not reject his offer on the basis that he had not complied with his tax obligations because that reasoning would "apply to every [offer] ever made" by a delinquent taxpayer. Stated another way, if the purpose of offers-in-compromise is to allow delinquent taxpayers to settle their tax liabilities, then a taxpayer's delinquency alone cannot provide a basis to reject his offer. But the Office of Appeals did not base its rejection on the fact that Hauptman had failed to pay income tax during the years giving rise to the proposed levy. Instead, it concluded that Hauptman had continued to violate his tax obligations by continuing to fail to report all of his income in later years and by failing to pay his liability when he had the means to do so. Hauptman's noncompliance with his obligations provides an adequate basis to reject his offer-in-compromise. *See Fifty Below*, 497 F.3d at 831.[2]

Hauptman next challenges the Office of Appeals's calculation of the amount of his liability that the IRS reasonably could collect from him. He claims that "all relevant assets have been liquidated at values substantially less than assigned by the IRS." However, Hauptman does not point to any evidence in the record to support his contention. He thus fails to show that the values used by the Office of Appeals are "contrary to the evidence." *See Fifty Below*, 497 F.3d at 830. In any event, even if some of his assets were overvalued, Hauptman does not contend that his actual collection potential was only $500,000. He therefore cannot show that the Office of

---

[2]Hauptman argues in his reply brief that the IRS relied on other improper factors in rejecting his offer-in-compromise. We generally do not consider arguments that a party fails to raise in its opening brief. *Heubel Materials Handling Co. v. Universal Underwriters Ins. Co.*, 704 F.3d 558, 564 n.3 (8th Cir. 2013). We thus grant the IRS's motion to strike the portion of Hauptman's reply brief arguing that the IRS considered other improper factors when it rejected his offer-in-compromise. *See Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007).

Appeals abused its discretion when it rejected his offer. *See Keller v. Comm'r*, 568 F.3d 710, 718 (9th Cir. 2009).[3]

III.

For the foregoing reasons, we affirm.

_____

---

[3]We decline to address Hauptman's remaining arguments, which he forfeited when he failed to raise them in the tax court. *See Speltz v. C.I.R.*, 454 F.3d 782, 786 (8th Cir. 2006).