# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2003

_____

Boechler, P.C.

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

------------------------------

The Federal Tax Clinic of the Legal Services Center of Harvard Law School

*Amicus on Behalf of Appellant(s)*

_____

Appeal from The United States Tax Court

_____

Submitted: June 17, 2020
Filed: July 24, 2020

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Boechler, P.C. ("Boechler") filed a petition for review of a notice of determination from the Commissioner of Internal Revenue ("IRS"). Under 26 U.S.C. § 6330(d)(1), a party has 30 days to file a petition for review. Boechler filed one day after the filing deadline had passed. The tax court[1] dismissed the petition on the ground that it lacked jurisdiction because the petition was untimely. We have jurisdiction under 26 U.S.C. § 7842 and we affirm.

## I. Background

On June 5, 2015, the IRS sent Boechler a letter noting a discrepancy between prior tax document submissions. The IRS did not receive a response and imposed a 10% intentional disregard penalty. Boechler did not pay the penalty. The IRS mailed Boechler a notice of intent to levy. Boechler timely requested a Collection Due Process ("CDP") hearing but failed to establish grounds for relief on the discrepancy or the unpaid penalty. On July 28, 2017, the Office of Appeals mailed a determination sustaining the levy to Boechler's last known address in Fargo, North Dakota. The notice of determination, delivered on July 31, stated that Boechler had 30 days from the date of determination, i.e. until August 28, 2017, to submit a petition for a CDP hearing.

Boechler mailed a petition for a CDP hearing on August 29, 2017, one day after the 30-day filing deadline had expired. The United States Tax Court received Boechler's untimely petition and the IRS moved to dismiss for lack of jurisdiction. Boechler objected, arguing that the 30-day time limit in 26 U.S.C. § 6330(d)(1) is not jurisdictional, the time limit should be equitably tolled, and calculating the time limit

---

[1]The Honorable Lewis R. Carluzzo, Chief Special Trial Judge, United States Tax Court.

-2-

from issuance rather than receipt violates due process. The tax court dismissed the petition for lack of jurisdiction. Boechler appealed.

## II. Discussion

We review questions of the tax court's subject matter jurisdiction *de novo*. Martin S. Azarian, P.A. v. Comm'r, 897 F.3d 943, 944 (8th Cir. 2018). The tax court is an Article I court and as such it is a court with "strictly limited jurisdiction." Bartman v. C.I.R., 446 F.3d 785, 787 (8th Cir. 2006) (quoting Kelley v. Comm'r, 45 F.3d 348, 351 (9th Cir. 1995)). The Supreme Court has "repeatedly held that filing deadlines ordinarily are not jurisdictional" but instead are usually "quintessential claim-processing rules." Sebelius v. Auburn Reg. Med. Ctr., 568 U.S. 145, 154 (2013) (internal quotation marks omitted). That said, a rule that "governs a court's adjudicatory capacity" is jurisdictional and "[o]ther rules, even if important or mandatory . . . should not be given the jurisdictional brand." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011).

We address first the threshold issue of whether the 30-day time limit in 26 U.S.C. § 6330(d)(1) is jurisdictional. The statute provides:

> The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter).

A few years ago, this court considered § 6330 in the context of whether the tax court's jurisdiction over original notices of determination extended to supplemental notices. Hauptman v. C.I.R., 831 F.3d 950, 952–53 (8th Cir. 2016). In Hauptman, the panel identified two prerequisites for jurisdiction over an initial notice of determination: (1) the issuance of a notice of determination following a CDP hearing,

and (2) the taxpayer's filing of a petition challenging that determination within 30 days of the issuance date.  Id. at 953 (citing Gillum v. Comm'r, 676 F.3d 633, 647 (8th Cir. 2012); Gray v. Comm'r, 723 F.3d 790, 793 (7th Cir. 2013)); see Tschida v. C.I.R., 57 F. App'x. 715, 715–16 (8th Cir. 2003) (per curiam) (unreported) (holding that the failure to comply with § 6330(d)(1) deprived the tax court of jurisdiction).  Because neither of these factors were at issue in Hauptman the court rejected the argument that the tax court lacked jurisdiction to review supplemental notices.  Hauptman, 831 F.3d at 953.

Although the IRS argues that we are bound by Hauptman and required to find § 6330(d)(1) jurisdictional, Hauptman simply did not address jurisdictional issues raised by an untimely filing of a petition.  Instead, the gravamen of the holding was limited to the question of whether the tax court's jurisdiction extended to supplemental notices of determination.  While persuasive, the jurisdictional test laid out in Hauptman was *obiter dicta* addressing an issue not before the court.  See Sanzone v. Mercy Health, 954 F.3d 1031, 1039 (8th Cir. 2020) ("Dicta is a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.") (cleaned up).  As we are not bound by the dicta of another panel, we must determine if the filing deadline in § 6330(d)(1) is jurisdictional.  See id.

As a general principle, a statutory time limit is jurisdictional when Congress clearly states that it is.  Musacchio v. United States, 136 S. Ct. 709, 717 (2016).  Mere proximity to a jurisdictional provision is insufficient.  See Sebelius, 568 U.S. at 155–56 (stating that an otherwise non-jurisdictional provision does not become jurisdictional "simply because it is placed in a section of a statute that also contains jurisdictional provisions").  "Congress must do something special, beyond setting an exception-free deadline, to tag a [time limit] as jurisdictional and so prohibit a court from tolling it."  United States v. Kwai Fun Wong, 575 U.S. 402, 410 (2015).  Even

so, Congress does not have to "incant magic words" to make a deadline jurisdictional if the "traditional tools of statutory construction . . . plainly show that Congress imbued a procedural bar with jurisdictional consequences." Id. We determine whether Congress made the necessary clear statement by examining "the text, context, and relevant historical treatment of the provision at issue." Musacchio, 136 S. Ct. at 717 (internal quotation marks omitted).

Boechler, relying on Myers v. Commissioner, asserts § 6330(d)(1) is non-jurisdictional. See 928 F.3d 1025 (D.C. Cir. 2019). In Myers, the D.C. Circuit examined whether an untimely filing under 26 U.S.C. § 7623(b)(4), which includes an identically worded parenthetical as the one found in § 6330, deprived the tax court of jurisdiction.[2] Id. at 1033–36. The Myers court noted that § 7623(b)(4) "comes closer to satisfying the clear statement requirement than any the Supreme Court has heretofore held to be non-jurisdictional." Myers, 928 F.3d at 1035. However, the court ultimately held that the statute did not "condition[] the jurisdictional grant on the limitations period, or otherwise link[] those separate clauses." Id. The D.C. Circuit determined that there was no clear statement that the 30-day limit in § 7623(b)(4) was jurisdictional; instead, it held that the limit was merely in close proximity to jurisdictional terms referring to the general appeal, not a timely-filed appeal. Id. at 1035.

The IRS directs our attention to the Ninth Circuit's decision in Duggan v. Commissioner, 879 F.3d 1029 (9th Cir. 2018), which held that § 6330(d)(1) is jurisdictional. In that case, the plaintiff also filed his petition for review one day after the filing deadline. Id. at 1031. The Ninth Circuit determined that § 6330(d)(1)

_____

[2]Section 7623(b)(4) provides: Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

"expressly contemplates the Tax Court's jurisdiction" and "makes timely filing of the petition a condition of the Tax Court's jurisdiction." Id. at 1034. The court explained that it was significant that "the filing deadline is given in the same breath as the grant of jurisdiction." Id. In reaching the conclusion that § 6330(d)(1) is jurisdictional, the Ninth Circuit noted "the test is whether Congress made a clear statement, not whether it made the clearest statement possible." Id.

We find the Ninth Circuit's analysis persuasive. The statutory text of § 6330(d)(1) is a rare instance where Congress clearly expressed its intent to make the filing deadline jurisdictional. The provision states: The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter). 26 U.S.C. § 6330(d)(1). The parenthetical "(and the Tax Court shall have jurisdiction with respect to such matter)" is clearly jurisdictional and renders the remainder of the sentence jurisdictional. See Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1849 (2019).

A plain reading demonstrates that the phrase "*such matter*" refers to a petition to the tax court that: (1) arises from "a determination under this section" and (2) was filed "within 30 days" of that determination. See Myers, 928 F.3d at 1039 (Henderson, J., dissenting) (reaching the same conclusion when analyzing the identically worded parenthetical in § 7623(b)(4)); see also 26 U.S.C. § 6330(e)(1) ("The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1). . ."). Unlike other statutory provisions that have been found to be non-jurisdictional by the Supreme Court, § 6330(d)(1) speaks "in jurisdictional terms." Musacchio, 136 S. Ct. at 717 (finding 18 U.S.C. § 3282(a) non-jurisdictional). The use of "*such matter*" "plainly show[s] that Congress imbued a procedural bar with jurisdictional consequences." Kwai Fun Wong, 575 U.S. at 410. This phrase provides the link between the 30-day filing deadline and the grant of jurisdiction to the tax court that

-6-

other statutory provisions lack. Cf. Henderson, 562 U.S. at 438 (finding that a 120-day deadline "[i]n order to obtain review" "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the Veterans Court"); Gonzalez v. Thaler, 565 U.S. 134, 146–47 (2012) (rejecting the argument that placing a provision in a section containing jurisdictional provisions makes it jurisdictional); Sebelius, 568 U.S. at 154 (finding that the language "may obtain a hearing" does not speak in jurisdictional terms). While there might be alternative ways that Congress could have stated the jurisdictional nature of the statute more plainly, it has spoken clearly enough to establish that § 6330(d)(1)'s 30-day filing deadline is jurisdictional.[3] See Duggan, 879 F.3d at 1034; Sebelius, 568 U.S. at 153.

Boechler also contends that counting the 30-day filing deadline from the date of determination rather than the date of receipt is a violation of due process or equal protection under the Fifth Amendment. We review this question of law *de novo*. See Linn Farms and Timber Ltd. P'ship v. Union Pac. R. Co., 661 F.3d 354, 357 (8th Cir. 2011). To satisfy due process, the government must "provide owners notice and opportunity for hearing appropriate to the nature of the case." Id. (internal quotation marks omitted). "The Supreme Court has long held that when the [government] chooses to regulate differentially, with the laws falling unequally on different geographic areas . . . the Equal Protection Clause is not violated so long as there is no underlying discrimination against particular persons or groups. The Equal Protection Clause protects people, not places." Reeder v. Kansas City Bd. of Police Comm'rs, 796 F.2d 1050, 1053 (8th Cir. 1986).

---

[3]Because we hold that § 6330(d)(1) is jurisdictional, Boechler is not entitled to equitable tolling. See Kwai Fun Wong, 575 U.S. at 408–09 (holding that a litigant's failure to comply with a jurisdictional bar deprives a court of all authority to hear a case even if equitable considerations would support extending the prescribed time period).

A statutory time limit challenged as an arbitrary and irrational classification that violates due process or equal protection, which does not draw a suspect classification or violate a fundamental right, need only be supported by a rational legislative purpose. See Holder v. Gonzales, 499 F.3d 825, 830–31 (8th Cir. 2007) (rejecting claim that a law requiring appeals to be filed in Virginia violated equal protection because non-Virginians are not a protected class); see also United States v. Prior, 107 F.3d 654, 660–61 (8th Cir. 1997) (applying rational basis review to criminal defendant's challenge to statute of limitations as arbitrary in violation of Fifth Amendment). A statutory time period's starting point satisfies rational basis review if it promotes an agency's "fiscal integrity" by insuring a workable deadline and reasonable timeframe. See Boyd v. Bowen, 797 F.2d 624, 626–27 (8th Cir. 1986) (upholding SSA statute of limitations requiring application be made within six months after children reached age of majority). Boechler bears the burden to establish that the filing deadline in § 6330(d)(1) is arbitrary and irrational. Lundeen v. Canadian Pac. R. Co., 532 F.3d 682, 689–90 (8th Cir. 2008).

Boechler argues that the 30-day filing deadline is arbitrary and irrational because it is calculated from the date of determination rather than the date of receipt via certified mail and such a calculation method may result in a 2- or 3-day discrepancy in receipt date depending on where the taxpayer lives in relation to an IRS mailer. However, calculating the filing deadline from the date of determination streamlines and simplifies the complex undertaking of enforcing the tax code. If the IRS were required to wait 30 days from the date that each individual received notice, it would be unable to levy at the statutory, uniform time. Calculating from the date of determination guards against taxpayers refusing to accept delivery of the notice and promotes efficient tax enforcement by ensuring a reasonable and workable timeframe and deadline. Based on these rational reasons for the calculation method, and Boechler's inability to identify any actual discrimination or discriminatory intent,

the 30-day filing deadline from the date of determination does not violate the Fifth Amendment.

## III. Conclusion

For the foregoing reasons, we affirm.

KELLY, Circuit Judge, concurring in part and concurring in the judgment.

In 2003, we squarely held that the 30-day filing deadline in 26 U.S.C. § 6330(d)(1) is jurisdictional.  See Tschida v. Comm'r, 57 F. App'x 715, 715–16 (8th Cir. 2003) (concluding that "the untimely filing deprived the tax court of jurisdiction").  As an unpublished per curiam opinion, Tschida is not binding precedent, but it is relevant insofar as it has persuasive value.  See 8th Cir. R. 32.1A; White v. NFL, 756 F.3d 585, 595 (8th Cir. 2014).

Thirteen years after Tschida was decided, we reached the same conclusion in a published opinion.  We explained that, as a "prerequisite[] to the tax court's exercise of jurisdiction," "the taxpayer must file a petition challenging [a notice of] determination within thirty days after the determination is issued."  Hauptman v. Comm'r, 831 F.3d 950, 953 (8th Cir. 2016) (cleaned up).  To support this conclusion, we cited a Seventh Circuit opinion holding that "[u]nless a taxpayer fulfills the statutory prerequisites for invoking the Tax Court's jurisdiction, including filing a timely petition under section 6330(d)(1), the court must dismiss a petition for lack of jurisdiction."  See Gray v. Comm'r, 723 F.3d 790, 793 (7th Cir. 2013).[4]

---

[4]Hauptman and Gray were decided after the Supreme Court had adopted a clear-statement rule and "repeatedly held that filing deadlines ordinarily are not jurisdictional."  See Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 154 (2013)

The court concludes that our statement in Hauptman was dicta because "the gravamen of [Hauptman's] holding was limited to the question of whether the tax court's jurisdiction extended to supplemental notices of determination," not original notices of determination. Ante at 4. But the taxpayer's argument in Hauptman was that the tax court lacked jurisdiction. In resolving that issue, we decided that (1) the tax court had jurisdiction over the original notice of determination and (2) there were no additional requirements for the tax court to acquire jurisdiction over the supplemental notices. See Hauptman, 831 F.3d at 953. I do not think we could have found there was jurisdiction over the supplemental notices without also finding there was jurisdiction over the original notice. See id. (noting that "the same jurisdictional prerequisites apply" to both original and supplemental notices). And we explicitly found that the tax court had jurisdiction over the original notice because both jurisdictional prerequisites were satisfied. See id. Although this issue was not contested by the parties, I believe it was necessary to our decision. See Sanzone v. Mercy Health, 954 F.3d 1031, 1039 (8th Cir. 2020) (stating that dicta is "a judicial comment . . . that is unnecessary to the decision" (cleaned up)).

As the court notes, deeming the 30-day filing deadline in 26 U.S.C. § 6330(d)(1) jurisdictional is an unusual departure from the ordinary rule that filing deadlines are "quintessential claim-processing rules." See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011). This may have "drastic" consequences for litigants, id., and I am concerned the burden may fall disproportionately on low-income taxpayers, as the amicus suggests. I am not convinced the statute contains a sufficiently clear statement to justify this result. See Myers v. Comm'r, 928 F.3d 1025, 1036 (D.C. Cir. 2019) (holding that the "nearly identical" filing deadline in 26 U.S.C. § 7623(b)(4) is not jurisdictional). But in light of our long-standing precedent, I concur in the court's judgment.

_____

_____

(collecting cases).