(Slip Opinion) OCTOBER TERM, 2021 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BOECHLER, P.C. v. COMMISSIONER OF INTERNAL REVENUE

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 20–1472. Argued January 12, 2022—Decided April 21, 2022

In 2015, the Internal Revenue Service notified Boechler, P.C., a North Dakota law firm, of a discrepancy in its tax filings. When Boechler did not respond, the IRS assessed an "intentional disregard" penalty and notified Boechler of its intent to levy Boechler's property to satisfy the penalty. See 26 U. S. C. §§6330(a), 6721(a)(2), (e)(2)(A). Boechler requested and received a "collection due process hearing" before the IRS's Independent Office of Appeals pursuant to §6330(b), but the Office sustained the proposed levy. Under §6330(d)(1), Boechler had 30 days to petition the Tax Court for review. Boechler filed its petition one day late. The Tax Court dismissed the petition for lack of jurisdiction and the Eighth Circuit affirmed, agreeing that §6330(d)(1)'s 30-day filing deadline is jurisdictional and thus cannot be equitably tolled.

*Held*: Section 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is a nonjurisdictional deadline subject to equitable tolling. Pp. 2–11.

(a) Not all procedural requirements are jurisdictional. Many simply instruct "parties [to] take certain procedural steps at certain specified times" without conditioning a court's authority to hear the case on compliance with those steps. *Henderson* v. *Shinseki,* 562 U. S. 428, 435. The distinction matters, as jurisdictional requirements cannot be waived or forfeited, must be raised by courts *sue sponte*, and do not allow for equitable exceptions. *Id.,* at 434–435; *Sebelius* v. *Auburn Regional Medical Center*, 568 U. S 145, 154. As such, a procedural requirement is jurisdictional only if Congress "clearly states" that it is. *Arbaugh* v. *Y & H Corp.,* 546 U. S. 500, 515. This case therefore turns on whether Congress has clearly stated that §6330(d)(1)'s deadline is jurisdictional.

Section 6330(d)(1) provides that a "person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." Whether this provision limits the Tax Court's jurisdiction to petitions filed within the 30-day timeframe depends on the meaning of "such matter," the phrase marking the bounds of the Tax Court's jurisdiction. Boechler contends that it refers only to the immediately preceding phrase: a "petition [to] the Tax Court for review of such determination," making the filing deadline independent of the jurisdictional grant. The Commissioner, by contrast, argues that "such matter" refers to the entire first clause of the sentence, sweeping in the deadline and granting jurisdiction only over petitions filed within that time, making the deadline jurisdictional.

The text does not clearly mandate the jurisdictional reading. It is hard to see how it could, given that "such matter" lacks a clear antecedent. Moreover, Boechler's interpretation has a small edge under the last-antecedent rule, which instructs that the correct antecedent is usually the closest reasonable one. There are also other plausible ways to read "such matter." For example, "such matter" might refer to "such determination" or the preceding subsection's list of "[m]atters" that may be considered during the collection due process hearing, see §6330(c), but neither possibility ties the Tax Court's jurisdiction to the filing deadline. And it is difficult to make the case that the jurisdictional reading is clear where multiple plausible, nonjurisdictional interpretations exist. Nothing else in the provision's text or structure advances the case for jurisdictional clarity. Finally, other tax provisions enacted around the same time as §6330(d)(1) much more clearly link their jurisdictional grants to a filing deadline—see §§6404(g)(1), 6015(e)(1)(A)—accentuating the lack of comparable clarity in §6330(d)(1). Pp. 2–6.

(b) The Commissioner's counterarguments fall short. In this context, it is not enough that his interpretation of the statute is plausible, or that some might even think it better than Boechler's. To satisfy the clear-statement rule, the Commissioner's interpretation must be clear, and it is not. A requirement "does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." *Auburn,* 568 U. S., at 155. Rather than proximity, what is needed is a clear tie between the deadline and the jurisdictional grant. The Commissioner also contends that a neighboring provision, §6330(e)(1), clarifies the jurisdictional effect of §6330(d)(1)'s filing deadline. Section 6330(e)(1) plainly conditions the Tax Court's jurisdiction to grant an injunction to enforce the suspension of levy actions during collection due process hearings on a timely filing under

Syllabus

§6330(d)(1). But, if anything, §6330(e)(1)'s clear jurisdictional statement only highlights the lack of such clarity in §6330(d)(1). Finally, the Commissioner insists that §6330(d)(1)'s filing deadline is jurisdictional because it was enacted at a time when Congress was aware of lower court cases that had held that an analogous tax provision, §6213(a), is jurisdictional. Those lower court cases, however, almost all predate this Court's effort to "bring some discipline" to the use of the term "jurisdictional." *Henderson*, 562 U. S., at 435. Pp. 6–8.

(c) Nonjurisdictional limitations periods are presumptively subject to equitable tolling, *Irwin* v. *Department of Veterans Affairs,* 498 U. S. 89, 95–96, and nothing rebuts the presumption here. Section 6330(d)(1) does not expressly prohibit equitable tolling, directs its 30-day time limit at the taxpayer, not the court, and appears in a section of the Tax Code that is particularly protective of taxpayers, see *Auburn*, 568 U. S., at 160.

The Commissioner invokes *United States* v. *Brockamp,* 519 U. S. 347, which held equitable tolling inapplicable to §6511's deadline for taxpayers to file refund claims, but that case is inapposite. *Brockamp*'s holding rested on several distinctive features of §6511 that are absent here. Unlike §6511's deadline, §6330(d)(1)'s deadline is not written in "emphatic form" or with "detailed" and "technical" language, nor is it reiterated multiple times. *Id.,* at 350–351. And §6330(d)(1) admits of a single exception (as opposed to §6511's six). See §6330(d)(2). If anything, these differences underscore the reasons why equitable tolling applies to §6330(d)(1). Despite the Commissioner's protestations, the Court is not convinced that allowing §6330(d)(1) to be equitably tolled will appreciably add to the uncertainty already present in the process. Whether Boechler is entitled to equitable tolling on the facts of this case should be determined on remand. Pp. 8–11.

967 F. 3d 760, reversed and remanded.

BARRETT, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———

No. 20–1472

———

## BOECHLER, P.C., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[April 21, 2022]

JUSTICE BARRETT delivered the opinion of the Court.

The Internal Revenue Service can seize taxpayer property to collect tax debts. Before it does so, however, the taxpayer is typically entitled to a "collection due process hearing"—a proceeding at which the taxpayer can challenge the levy or offer collection alternatives like payment by installment. That hearing may have a happy (or at least relatively happy) ending from the taxpayer's perspective. But if not, the taxpayer has 30 days to petition the Tax Court for review.

Boechler, P.C., the petitioner in this case, missed the deadline by one day. According to the Commissioner of the IRS, this tardiness extinguished Boechler's opportunity to seek review of the agency's determination. The Commissioner insists that the deadline is jurisdictional, which means that the Tax Court has no authority to consider late-filed petitions. And even if it is not jurisdictional, the Commissioner argues, the Tax Court lacks the power to accept a tardy filing by applying the doctrine of equitable tolling. We disagree with the Commissioner on both scores.

## I

Boechler is a law firm in Fargo, North Dakota. In 2015, the IRS notified Boechler of a discrepancy in its tax filings. When Boechler did not respond, the agency assessed an "intentional disregard" penalty and notified Boechler of its intent to levy—in other words, to seize and sell—Boechler's property to satisfy the penalty. See 26 U. S. C. §§6330(a), 6721(a)(2), (e)(2)(A). That got Boechler's attention, and in an effort to prevent the levy, it requested a hearing before the agency's Independent Office of Appeals. §6330(b). This proceeding—known as a collection due process hearing—generally provides taxpayers with administrative review before the IRS takes their property. §6330(a)(1). At its hearing, Boechler challenged the penalty, arguing both that there was no discrepancy in its tax filings and that the penalty was excessive.

The Independent Office of Appeals sustained the proposed levy. Under §6330(d)(1), Boechler had 30 days to petition the Tax Court to review this collection due process determination. But Boechler dropped the ball and filed its petition a day late. The Tax Court dismissed the petition for lack of jurisdiction and the Eighth Circuit affirmed, agreeing that §6330(d)(1)'s 30-day filing deadline is jurisdictional and thus cannot be equitably tolled. 967 F. 3d 760 (2020). We granted certiorari. 594 U. S. ___ (2021).

## II

### A

Jurisdictional requirements mark the bounds of a "court's adjudicatory authority." *Kontrick* v. *Ryan*, 540 U. S. 443, 455 (2004). Yet not all procedural requirements fit that bill. Many simply instruct "parties [to] take certain procedural steps at certain specified times" without conditioning a court's authority to hear the case on compliance with those steps. *Henderson* v. *Shinseki*, 562 U. S. 428, 435 (2011). These nonjurisdictional rules "promote the orderly progress

of litigation" but do not bear on a court's power. *Ibid.*

The distinction matters. Jurisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and, as relevant to this case, do not allow for equitable exceptions. *Id.,* at 434–435; *Sebelius* v. *Auburn Regional Medical Center*, 568 U. S. 145, 154 (2013). Mindful of these consequences, we have endeavored "to bring some discipline" to use of the jurisdictional label. *Henderson*, 562 U. S., at 435.

To that end, we treat a procedural requirement as jurisdictional only if Congress "clearly states" that it is. *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 515 (2006). Congress need not "incant magic words," *Auburn*, 568 U. S., at 153, but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences," *United States* v. *Kwai Fun Wong*, 575 U. S. 402, 410 (2015). This case therefore turns on whether Congress has clearly stated that §6330(d)(1)'s deadline to petition for review of a collection due process determination is jurisdictional.

Section 6330(d)(1) provides:

> "The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)."

The only jurisdictional language appears in the parenthetical at the end of the sentence. All agree that the parenthetical grants the Tax Court jurisdiction over petitions for review of collection due process determinations. And all agree that the provision imposes a 30-day deadline to file those petitions. The question is whether the provision limits the Tax Court's jurisdiction to petitions filed within that timeframe.

The answer depends on the meaning of "such matter," the phrase marking the bounds of the Tax Court's jurisdiction.

Boechler contends that it refers only to the immediately preceding phrase: a "petition [to] the Tax Court for review of such determination." If so, the filing deadline is independent of the jurisdictional grant. The Commissioner, by contrast, argues that "such matter" refers to the entire first clause of the sentence, sweeping in the deadline and granting jurisdiction only over petitions filed within that time. On this reading, the deadline is jurisdictional.

As we see it, the text does not clearly mandate the jurisdictional reading. It is hard to see how it could, given that "such matter" lacks a clear antecedent. The word "matter" does not appear elsewhere in §6330(d)(1), and no other "'noun or noun phrase'" serves as the obvious antecedent. A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 144 (2012). Both parties cope with this awkward structure by treating "petition" as a noun, even though it appears in the provision as a verb. Maybe the parties are right that the statute asks the single word "petition" to perform double duty. But relying on this grammatical sleight of hand does not exactly help the Commissioner's argument that the text is clear. Moreover, even taking "petition" as a noun, Boechler's interpretation has a small edge. The last-antecedent rule instructs that the correct antecedent is usually "the nearest reasonable" one. *Ibid.* And Boechler links "such matter" to the phrase immediately preceding the jurisdictional parenthetical, while the Commissioner stretches back one phrase more. This is hardly a slam dunk for Boechler, but it is one reason to prefer its reading—or at least to regard the Commissioner's as not clearly right.

It is also worth noting that the parties' back-and-forth does not exhaust the universe of plausible ways to read "such matter." For example, "such matter" might refer to "such determination" (which in turn refers to a "determination under this section"). Or "such matter" might refer to the preceding subsection's list of "[m]atters" that may be

considered during the collection due process hearing. 26 U. S. C. §6330(c). Neither possibility ties the Tax Court's jurisdiction to the filing deadline, and that is another point in Boechler's favor. Where multiple plausible interpretations exist—only one of which is jurisdictional—it is difficult to make the case that the jurisdictional reading is clear. See *Sossamon* v. *Texas*, 563 U. S. 277, 287 (2011).

Nothing else in the provision's text or structure advances the case for jurisdictional clarity. The deadline, which appears in the first independent clause of the sentence, explains what the taxpayer may do: "The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination." §6330(d)(1). The jurisdictional grant, which appears in a parenthetical at the end of the sentence, speaks to what the Tax Court shall do: "(and the Tax Court shall have jurisdiction with respect to such matter)." *Ibid.* As explained above, this language can be plausibly construed to condition the Tax Court's jurisdiction on a timely filing. But the condition would not be express and would be found in a parenthetical, which is typically used to convey an "aside" or "afterthought." B. Garner, Modern English Usage 1020 (4th ed. 2016).

Finally, the broader statutory context confirms the lack of any clear statement in §6330(d)(1). Other tax provisions enacted around the same time as §6330(d)(1) much more clearly link their jurisdictional grants to a filing deadline. See 26 U. S. C. §6404(g)(1) (1994 ed., Supp. II) (the Tax Court has "jurisdiction over any action . . . to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, . . . if such action is brought within 180 days"); §6015(e)(1)(A) (1994 ed., Supp. IV) ("The individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if

such petition is filed during the 90-day period"). These provisions accentuate the lack of comparable clarity in §6330(d)(1).

## B

The Commissioner's counterarguments fall short. To begin with, the Commissioner repeats his refrain that "such matter" refers to the entire first clause of the sentence, thereby conditioning the Tax Court's jurisdiction on the deadline. We agree that this is a plausible interpretation of the statute. Some might even think it better than Boechler's. But in this context, better is not enough. To satisfy the clear-statement rule, the jurisdictional condition must be just that: clear. And as we have already explained, the Commissioner's interpretation is not.

What of the fact that the jurisdictional grant and filing deadline appear in the same provision, even the same sentence? This does not render the Commissioner's reading clear either. A requirement "does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." *Auburn*, 568 U. S., at 155. Consequently, this is not the first time we have parsed a single statutory sentence to distinguish between its jurisdictional and nonjurisdictional elements. See *Weinberger* v. *Salfi*, 422 U. S. 749, 763–764 (1975). Rather than proximity, the important feature is the one that is missing here: a clear tie between the deadline and the jurisdictional grant.

The Commissioner contends that a neighboring provision clarifies the jurisdictional effect of the filing deadline. Section 6330(e)(1) provides that "if a [collection due process] hearing is requested . . . the levy actions which are the subject of the requested hearing . . . shall be suspended for the period during which such hearing, and appeals therein, are pending." To enforce that suspension, a "proper court, including the Tax Court," may "enjoi[n]" a "levy or proceeding

during the time the suspension . . . is in force," but "[t]he Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1)." §6330(e)(1).

Section 6330(e)(1) thus plainly conditions the Tax Court's jurisdiction to enjoin a levy on a timely filing under §6330(d)(1). According to the Commissioner, this suggests that §6330(d)(1)'s filing deadline is also jurisdictional. It would be strange, the Commissioner says, to make the deadline a jurisdictional requirement for a particular remedy (an injunction), but not for the underlying merits proceeding itself. If that were so, the Tax Court could accept late-filed petitions but would lack jurisdiction to enjoin collection in such cases. So if the IRS disobeyed §6330(e)(1)'s instruction to suspend the levy during the hearing and any appeal, the taxpayer would have to initiate a new proceeding in district court to make the IRS stop.

We are unmoved—and not only because the scenario the Commissioner posits would arise from the IRS's own recalcitrance. The possibility of dual-track jurisdiction might strengthen the Commissioner's argument that his interpretation is superior to Boechler's. Yet as we have already explained, the Commissioner's interpretation must be not only better, but also clear. And the prospect that §6330(e)(1) deprives the Tax Court of authority to issue an injunction in a subset of appeals (where a petition for review is both filed late and accepted on equitable tolling grounds) does not carry the Commissioner over that line. If anything, §6330(e)(1)'s clear statement—that "[t]he Tax Court shall have no jurisdiction . . . to enjoin any action or proceeding unless a timely appeal has been filed"—highlights the lack of such clarity in §6330(d)(1).

The Commissioner's weakest argument is his last: He insists that §6330(d)(1)'s filing deadline is jurisdictional because at the time that deadline was enacted, lower courts

had held that an analogous tax provision regarding IRS deficiency determinations is jurisdictional. (That provision says that "[w]ithin 90 days . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U. S. C. §6213(a).) According to the Commissioner, Congress was aware of these lower court cases and expected §6330(d)(1)'s time limit to have the same effect. So, he says, the statutory backdrop resolves any doubt that might linger in the text.

The Commissioner's argument misses the mark. The cases he cites almost all predate this Court's effort to "bring some discipline" to the use of the term "jurisdictional." *Henderson*, 562 U. S., at 435. And while this Court has been willing to treat " 'a long line of [Supreme] Cour[t] decisions left undisturbed by Congress' " as a clear indication that a requirement is jurisdictional, *Fort Bend County* v. *Davis*, 587 U. S. ___, ___ (2019) (slip op., at 6), no such "long line" of authority exists here.

## III

Of course, the nonjurisdictional nature of the filing deadline does not help Boechler unless the deadline can be equitably tolled. Equitable tolling is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods. *Lozano*, 572 U. S., at 10–11. Because we do not understand Congress to alter that backdrop lightly, nonjurisdictional limitations periods are presumptively subject to equitable tolling. *Irwin* v. *Department of Veterans Affairs*, 498 U. S. 89, 95–96 (1990).*

––––––––––

*In passing, the Commissioner briefly suggests that equitable tolling might not apply outside the realm of Article III courts. We have already applied it in other non-Article III contexts, however, and the Commissioner does not ask us to reconsider those precedents. See *Young* v. *United States*, 535 U. S. 43, 47 (2002) (bankruptcy court limitations period); *United States* v. *Kwai Fun Wong*, 575 U. S. 402, 407, 420 (2015) (deadline to present claim to agency).

We see nothing to rebut the presumption here. Section 6330(d)(1) does not expressly prohibit equitable tolling, and its short, 30-day time limit is directed at the taxpayer, not the court. Cf. *id.,* at 94–96 (holding that a statutory time limit with the same characteristics is subject to equitable tolling). The deadline also appears in a section of the Tax Code that is "'"unusually protective"'" of taxpayers and a scheme in which "'laymen, unassisted by trained lawyers,'" often "'initiate the process.'" *Auburn*, 568 U. S., at 160. This context does nothing to rebut the presumption that nonjurisdictional deadlines can be equitably tolled.

To counter these points, the Commissioner invokes *United States* v. *Brockamp*, 519 U. S. 347 (1997), in which we held equitable tolling inapplicable to §6511's deadline for taxpayers to file refund claims. *Id.,* at 348. But *Brockamp*, which rested on several distinctive features of that statutory deadline, is inapposite. Congress wrote the time limit in "unusually emphatic form," and its "detailed technical" language "c[ould not] easily be read as containing implicit exceptions." *Id.,* at 350. The statute also "reiterate[d]" the deadline "several times in several different ways." *Id.,* at 351. And the statute "explicit[ly] list[ed]" numerous (six) exceptions to the deadline. *Id.,* at 352. The "nature of the underlying subject matter—tax collection— underscore[d] the linguistic point." *Ibid.* That was because of the "administrative problem" of allowing equitable tolling when the "IRS processe[d] more than 200 million tax returns" and "issue[d] more than 90 million refunds" each year. *Ibid.*

Section 6330(d)(1)'s deadline is a far cry from the one in *Brockamp*. This deadline is not written in "emphatic form" or with "detailed" and "technical" language, nor is it reiterated multiple times. The deadline admits of a single exception (as opposed to *Brockamp*'s six), which applies if a taxpayer is prohibited from filing a petition with the Tax Court because of a bankruptcy proceeding. §6330(d)(2). That

makes this case less like *Brockamp* and more like *Holland* v. *Florida*, 560 U. S. 631 (2010), in which we applied equitable tolling to a deadline with a single statutory exception. See *id.*, at 647–648. And it bears emphasis that *Brockamp* does not control simply because it also dealt with a statute relating to tax collection. In this case, any concerns about the administrability of applying equitable tolling to §6330(d)(1) pale in comparison to those at issue in *Brockamp*, which dealt with a central provision of tax law. The deadline here serves a far more limited and ancillary role in the tax collection system. If anything, the differences between the statute at issue in *Brockamp* and this one underscore the reasons why equitable tolling applies to §6330(d)(1).

The Commissioner protests that if equitable tolling is available, the IRS will not know whether it can proceed with a collection action after §6330(d)(1)'s deadline passes. The Commissioner acknowledges that the deadline is already subject to tolling provisions found elsewhere in the Tax Code—for example, tolling is available to taxpayers located in a combat zone or disaster area. Tr. of Oral Arg. 37–40. But he says that the IRS can easily account for these contingencies because it continuously monitors whether any taxpayer is in a combat zone or disaster area. *Ibid.* Tolling the §6330(d)(1) deadline outside these circumstances, the Commissioner insists, would create much more uncertainty. *Id.,* at 37–38.

We are not convinced that the possibility of equitable tolling for the relatively small number of petitions at issue in this case will appreciably add to the uncertainty already present in the process. To take the most obvious example, petitions for review are considered filed when mailed. 26 U. S. C. §7502(a)(1). The 30-day deadline thus may come and go before a petition "filed" within that time comes to the IRS's attention. Presumably, the IRS does not monitor when petitions for review are mailed. So it is not as if the

IRS can confidently rush to seize property on day 31 anyway.

None of this is to say that Boechler is entitled to equitable tolling on the facts of this case. That should be determined on remand. We simply hold that §6330(d)(1)'s filing deadline, like most others, can be equitably tolled in appropriate cases.

\*　　\*　　\*

Section 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling. We reverse the contrary judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*