**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000523
10-JUN-2026
07:47 AM
Dkt. 126 SO**

NO. CAAP-25-0000523

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE TAX APPEAL OF
RICKEY R. MIKAMI & EMILOU N. MIKAMI,
Appellants-Appellants,
v.
DIRECTOR OF TAXATION, STATE OF HAWAII,
Appellee-Appellee

APPEAL FROM THE TAX APPEAL COURT
(CASE NO. 1CTX-20-0000070)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Gluck, JJ.)

Self-represented Appellants-Appellants Rickey and Emilou Mikami (**the Mikamis**) appeal from the July 10, 2025 Final Judgment entered by the Tax Appeal Court (**Tax Court**).[1] The Tax Court's Final Judgment followed entry of an Order granting the Motion to Dismiss filed by Appellee-Appellee Director of Taxation, State of Hawai'i (**State**).

On appeal, the Mikamis argue that the Tax Court erred in dismissing their case. Upon careful review of the record and

---

[1] The Honorable Kevin T. Morikone presided.

the briefs submitted, and having given due consideration to the arguments advanced and the issues raised, we resolve the Mikamis' contentions as follows, and affirm.

The relevant background facts are as follows:  the State issued two Notices of Final Assessment of Income Tax (**Notices**) to the Mikamis on December 13, 2019.  The "Hawaii Taxpayer Bill of Rights," included with the Notices, informed the Mikamis of their appeal rights:

> Taxpayers have a right to appeal an assessment to our Administrative Appeals Office, to the board of review, or to the tax appeal court . . . .  <u>An appeal to the board of review or to the tax appeal court must be filed within 30 days from the date the Final Notice of Assessment was mailed</u>.  If the appeal is filed directly with the tax appeal court, a court-stamped copy of the notice of appeal must also be served on the Director of Taxation within 30 days from the date the Final Notice of Assessment was mailed . . . .

(Emphasis added.)  In early January 2020, the Mikamis filed an administrative appeal with the State Department of Taxation's Administrative Appeals and Dispute Resolution Program (**AADR**).  However, the Mikamis did not file a Notice of Appeal with the Tax Court – appealing from the December 13, 2019 Notices – until September 14, 2020.  They did not serve the Director of Taxation with their Notice of Appeal until September 30, 2020.

The State filed an Answer on October 22, 2020, but the case sat largely dormant until a trial-setting status conference in August 2024.  On April 1, 2025, the State filed a Motion to Dismiss (**Motion**), arguing that the Tax Court lacked subject matter jurisdiction because (1) the Mikamis failed to file their Notice of Appeal with the Tax Court within thirty days of the mailing of the final assessment, as required by Hawaiʻi Revised Statutes (**HRS**) § 232-16 (2017), and (2) the Mikamis failed to serve the Director of Taxation with a copy of their Notice of

Appeal within thirty days of the mailing of the final assessment, as required by HRS § 232-16. The Tax Court heard the State's Motion on June 23, 2025, and granted the Motion in a written order on July 10, 2025. The Tax Court entered Final Judgment the same day, and the Mikamis appealed. They argue that the Tax Court erred by failing to consider their equitable tolling argument; that the Tax Court "failed to consider procedural barriers imposed by the Department of Taxation" and that the Mikamis "faced extraordinary circumstances including pandemic-related shutdowns"; and that the dismissal violated their constitutional right to due process. But first we address the State's challenge to our jurisdiction.

**Appellate Jurisdiction:** The State's Answering Brief argues that this court lacks jurisdiction because of the Mikamis' failure to pay the disputed taxes pending appeal. This issue, however, is now moot. The Mikamis filed their Notice of Appeal, appealing the Tax Court's decision to this court on July 10, 2025. On October 15, 2025, the Mikamis filed a "Motion for Determination of Relief Under HRS § 235-114(c) Pending Appeal" with the Tax Court, asking that they be permitted to pursue their appeal without paying the disputed taxes or posting a bond. On May 1, 2026, this court temporarily remanded this case to allow the Tax Court to hear and decide the motion. On May 13, 2026, the Tax Court entered a written order granting the motion, after which the Tax Court clerk filed a supplemental record on appeal and jurisdiction returned to this court. Given the Tax Court's May 13, 2026 Order, this issue is moot and this court will exercise jurisdiction over the appeal.

**Equitable tolling:** The Mikamis contend that equitable tolling should apply, such that their appeal to the Tax Appeal Court was timely. They argue that the thirty-day deadline to

3

appeal to the Tax Court is non-jurisdictional, and that "nonjurisdictional limitations periods are presumptively subject to equitable tolling[.]" Boechler, P.C. v. Comm'r of Internal Revenue, 596 U.S. 199, 209 (2022). The State, on the other hand, argues that both the thirty-day appeal deadline and service of notice of the appeal on the Director of Taxation are jurisdictional, that the Mikamis failed to meet both requirements, and that failure to meet either one is dispositive.

This court has previously held that similar requirements in HRS § 232-17 (2017) – that a taxpayer file a notice of appeal and serve the Director of Taxation within thirty days – are jurisdictional.[2] This court held: "According to the plain language of the amended statute, a taxpayer must file a notice of appeal in the tax appeal court and serve the

---

[2] HRS § 232-17 governs appeals from the taxation board of review to the Tax Court. The instant case, governed by HRS § 232-16, involves an appeal to the Tax Court from Notices of Final Assessment of Income Tax. There are differences between the statutes – among them, that HRS § 232-17 sets a specific time (thirty days), whereas HRS § 232-16 requires appeals to be filed "on or before the date fixed by law for the taking of the appeal[.]" For income taxes, that period is set by HRS § 235-114(c) (2017) at thirty days:

> (c) Any taxpayer or employer appealing from any assessment of income taxes or liability shall lodge with the assessor or assistant assessor a notice of the appeal in writing, stating the ground of the taxpayer's or employer's objection to the additional assessment or any part thereof. The taxpayer or employer also shall file the notice of appeal with the board or the tax appeal court at any time within thirty days subsequent to the date when the notice of assessment was mailed, properly addressed to the taxpayer or employer at the taxpayer's or employer's last known residence or place of business. Except as otherwise provided, the manner of taking the appeal, the costs applicable thereto, and the hearing and disposition thereof, including the distribution of costs and of taxes paid by the taxpayer pending the appeal, shall be as provided in chapter 232.

(Emphases added.)

Director with the notice of appeal to properly confer jurisdiction. Therefore, service of notice on the Director is now mandatory and jurisdictional . . . ." <u>Aregger v. State, Dep't of Tax'n</u>, 124 Hawaiʻi 325, 328, 243 P.3d 285, 288 (App. 2010). Under this precedent, the Tax Court lacked jurisdiction to hear the Mikamis' appeal because the Mikamis failed to file their notice of appeal and failed to notify the Director of Taxation within thirty days of the mailing of Notice. Thus, the Tax Court did not err in dismissing the Mikamis' case.

**Procedural barriers and "extraordinary circumstances including pandemic-related shutdowns":** The Mikamis argue that their appeal should be considered timely because of "extraordinary circumstances," but this argument fails because the thirty-day appeal period and the thirty-day notice period are jurisdictional. As for procedural barriers, the Mikamis argue that they were "misled into believing counsel was required to proceed" with their tax appeal during a Zoom call with the State's attorney. But this Zoom call occurred in December 2020 – nearly a year after the appeal deadline had expired. Additionally, the Mikamis misunderstand the State's attorney's conduct. They point to the following statement (which they claim is from a transcript of a Zoom call between the State's attorney and Mr. Mikami) as misleading and creating a procedural barrier to their appeal:

> I represent the Department of Taxation. I represent their interests. I don't represent your interest. Um, I am defending them in the notice of appeal that you si [sic] uh, you filed. Um, if you have an attorney, that's who I should be talking to at this point. It's my understanding you don't have an attorney.

Nothing about the State's attorney's statement was inappropriate. The attorney appeared to be complying with two provisions of the Hawaiʻi Rules of Professional Conduct (**HRPC**).

The first is HRPC Rule 4.2 (eff. 2014), entitled "Communication with Person Represented by Counsel," which provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

The second is HRPC Rule 4.3 (eff. 2014), entitled "Dealing with Unrepresented Person," which provides in relevant part:

> (a)   In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

The Mikamis' argument that this was somehow misleading – or that it somehow prevented them from filing a timely appeal – is without merit.

**Due process:**  The Mikamis' final argument is that they were denied due process:

> Appellant was denied due process of law when the Department failed to issue a formal denial, provide consistent communication, or explain that participation in the Administrative Appeals and Dispute Resolution (AADR) program would not preserve the right to appeal to the Tax Appeal Court. These omissions created procedural confusion that obstructed Appellant from exercising legal rights and deprived him of a hearing on the merits.

> Due process under the U.S. Constitution (14th Amendment) and the Hawaiʻi Constitution (Article I, § 5) requires that all parties—including pro se litigants—receive meaningful notice and a fair opportunity to respond. The Department violated this standard by leading Appellant to believe that the AADR process remained open, while later using that same process as the basis for dismissal.

"The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Korean Buddhist Dae Won Sa

6

Temple of Hawaii v. Sullivan, 87 Hawaiʻi 217, 243, 953 P.2d 1315, 1341 (1998) (cleaned up).  The Mikamis received both notice and an opportunity to be heard.  They do not dispute that they received the Notices of Final Assessment of Income Tax.  Pursuant to HRS § 235-114 (2017), the Mikamis had the opportunity to present their case to the Tax Court, provided they file their notice of appeal within thirty days from the mailing of the Notices.  See HRS § 235-114(c) (2017) ("Any taxpayer . . . appealing from any assessment of income taxes or liability shall lodge with the assessor or assistant assessor a notice of the appeal in writing, stating the ground of the taxpayer's . . . objection to the additional assessment or any part thereof. . . .").[3]  The Mikamis were not denied due process.

//

//

//

//

---

[3]  See also HRS § 232-16:

> (a) A taxpayer or county may appeal directly to the tax appeal court without appealing to a state board of review or any equivalent administrative body established by county ordinance; . . .  An appeal to the tax appeal court is properly commenced by filing, on or before the date fixed by law for the taking of the appeal, a written notice of appeal in the office of the tax appeal court and by service of the notice of appeal on the director of taxation . . . .

The Mikamis make no argument that these statutory provisions are facially unconstitutional.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Based on the foregoing, we affirm the Tax Appeal Court's July 10, 2025 Final Judgment in favor of the State.


DATED:  Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Rickey R. Mikami and
Emilou N. Mikami,
Self-Represented Appellants-
Appellants.

Janine R. Udui
Deputy Attorney General,
for Appellee-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Daniel M. Gluck
Associate Judge