NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STUART R. HARROW,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2022-2254

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-3305-I-1.

---

Decided:  June 18, 2026

---

KYLA JENNY GIBBONEY, Berger Montague PC, San Francisco, CA, argued for petitioner.  Also represented by JOSHUA P. DAVIS.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE, FRANKLIN E. WHITE, JR.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Stuart Harrow petitions for review of a decision by the Merit Systems Protection Board affirming his six-day furlough from his civilian position with the Department of Defense. The Board issued a final decision in 2022, but we dismissed Mr. Harrow's appeal to this court for lack of jurisdiction because he missed the 60-day deadline to appeal. *See* 5 U.S.C. § 7703(b)(1). The Supreme Court later held the filing deadline in section 7703(b)(1) to be non-jurisdictional and remanded the case to this court for further proceedings. *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024). In this remand proceeding, we assume that Mr. Harrow is entitled to equitable tolling of the filing deadline, and we address the merits of his claim. On the merits, Mr. Harrow fails to persuade us that the Board committed error in upholding the agency's furlough decision.

I

This case began thirteen years ago when a sequestration of funds required by the Balanced Budget and Emergency Deficit Control Act led to the furlough of eighty-five percent of the civilian employees of the Department of Defense. App'x 2 ("Final Decision"), 16 ("Initial Decision"). Mr. Harrow was one of the employees subject to the furlough. When Mr. Harrow received notice of his proposed furlough, he requested an exemption because the furlough "would pose an undue financial hardship upon myself and family." *Id.* at 16–17 (citation omitted). After reviewing Mr. Harrow's request, the deciding official denied his requested exception. *Id.* at 35–37. Mr. Harrow appealed his furlough to the Board. *Id.* at 17–18.

In an Initial Decision in July 2016, a Board administrative judge found that the furlough had a "factual basis" and "that it promoted the efficiency of the service." App'x

25. While acknowledging the "regrettable financial hardship" to Mr. Harrow, the administrative judge nonetheless found that "the agency demonstrated that furloughing the appellant promoted the efficiency of the service because it represented a reasonable management solution to the financial restrictions confronting it during the second half of Fiscal Year 2013." App'x 23 (citation omitted).

Mr. Harrow petitioned for full Board review of the Initial Decision. The Board, however, lacked a quorum at that time and for the next five years, which made it impossible for the Board to act on Mr. Harrow's petition. *Harrow*, 601 U.S. at 482. When the Board entered a Final Decision on May 11, 2022, it affirmed the administrative judge's Initial Decision and denied Mr. Harrow's petition for review. *Harrow v. Dep't of Def.*, No. PH-0752-13-3305-I-1, 2022 WL 1495611 (M.S.P.B. May 11, 2022).

While Mr. Harrow's petition was pending before the Board, Mr. Harrow's work email address changed, but Mr. Harrow failed to advise the Board of his new email address. As a result, Mr. Harrow explains that he did not become aware of the Board's final decision until August 30, 2022, after the expiration of the 60-day deadline to file a petition for review with this court. Mr. Harrow filed a petition for review on September 16, 2022. We denied his petition because, under our precedent at that time, we considered the deadline to be a "jurisdictional requirement and 'not subject to equitable tolling.'" *Harrow v. Dep't of Def.*, No. 2022-2254, 2023 WL 1987934, at *1 (Fed. Cir. Feb. 14, 2023) (citing *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017)).

Mr. Harrow then filed a petition for a writ of certiorari from the Supreme Court. The Court granted the petition and reversed this court's decision. In so doing, the Court held that the 60-day deadline to appeal a Board decision is non-jurisdictional. *Harrow*, 601 U.S. at 489.

The Court noted that "nonjurisdictional [timing rules] are presumptively subject to equitable tolling," and it remanded the case to this court to determine whether equitable tolling is available for petitions filed after the deadline in section 7703(b)(1) and, if so, whether Mr. Harrow has shown an entitlement to equitable tolling on the facts of his case. *Id.* at 489–90 (quoting *Boechler P.C. v. Comm'r*, 596 U.S. 199, 209 (2022)) (alteration in original).

## II

In reviewing a decision of the Merit Systems Protection Board, we "hold unlawful and set aside any agency action, findings, or conclusions found to be-- (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We review the Board's "determinations of law for correctness without deference" and "findings of fact for substantial evidence." *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021) (citations omitted). In challenging a Board decision, the petitioner has "the burden of establishing error." *Id.* (citations omitted).

## III

### A

At the outset, we are presented with the question whether the non-jurisdictional 60-day deadline for filing a petition under section 7703(b)(1)(A) is subject to equitable tolling and, if so, whether Mr. Harrow's failure to meet that deadline may be excused. Because the time limit in section 7703(b)(1)(A) has been held to be non-jurisdictional, we are free to exercise our discretion to assume, for purposes of this case, that the 60-day deadline is not mandatory and that Mr. Harrow has shown

that he is entitled to the benefits of equitable tolling. Rather than pausing over those procedural issues, we address the merits of Mr. Harrow's challenge to the furlough in his case.[1]

On the merits, Mr. Harrow argues that neither the agency nor the Board applied the "efficiency of the service" standard required by 5 U.S.C. § 7513(a). Pet'r Br. 30. Under section 7513(a), an agency may take certain actions regarding an employee "only for such cause as will promote the efficiency of the service." That provision applies to "a furlough of 30 days or less," among other actions. 5 U.S.C. § 7512. Mr. Harrow argues that "his furlough *decreased* the Department's efficiency in terms of money and time spent." Pet'r Br. 30. As a result, he contends that his furlough did not serve "the efficiency of the service." *See id.* at 29–31.

---

[1]    In the two years since the Supreme Court's decision in *Harrow*, we have frequently exercised our discretion to assume, without deciding, that equitable tolling is available to such petitioners, and we have addressed the merits of the petitioners' claims. *See Carroll-Harris v. Dep't of Veterans Affs.*, No. 2024-2213, 2026 WL 1256148, at *2 (Fed. Cir. May 7, 2026); *Rose v. Dep't of the Air Force*, No. 2025-1120, 2025 WL 2554576, at *2 n.3 (Fed. Cir. Sept. 5, 2025); *Nance v. Off. of Pers. Mgmt.*, No. 2024-1827, 2025 WL 400218, at *2 (Fed. Cir. Feb. 5, 2025); *Lee v. Dep't of the Army*, No. 2024-2096, 2025 WL 227554, at *1 (Fed. Cir. Jan. 17, 2025); *Aguirre v. Dep't of Defense*, No. 2024-1349, 2024 WL 4562878, at *2 (Fed. Cir. Oct. 24, 2024); *Sanders v. Merit Sys. Prot. Bd.,* No. 2023-2243, 2024 WL 4131859, at *2 (Fed. Cir. Sept. 10, 2024); *Long v. Dep't of Veterans Affs.*, No. 2023-2406, 2024 WL 3770715, at *1 (Fed. Cir. Aug. 13, 2024); *Murphy v. Off. of Pers. Mgmt.*, No. 2023-2019, 2024 WL 3617025, at *2 (Fed. Cir. Aug. 1, 2024).

The government responds that what Mr. Harrow is "actually disputing is what 'efficiency of the service' *means* in the context of a furlough action." Resp't Br. 25. Mr. Harrow's argument is that his furlough did not promote the efficiency of the service because his inability to provide cost savings while he was furloughed would disserve the agency's mission. *Id.* at 30. The sequestration, however, required the Department of Defense to balance its priorities and, as Mr. Harrow's proposed furlough notice explained, the Department concluded that the furlough of civilian employees within the Department was necessary to "protect wartime operations funding for our troops in harm's way." App'x 32.

In the Initial Decision, the administrative judge found that "the agency demonstrated that furloughing the appellant promoted the efficiency of the service because it represented a reasonable management solution to the financial restrictions confronting it during the second half of Fiscal Year 2013." App'x 23. In its Final Decision, the Board denied Mr. Harrow's petition for review and affirmed the Initial Decision, holding that the Initial Decision applied the correct standard for reviewing furlough cases such as this one. *Id.* at 2, 7–8.

B

Mr. Harrow's case is indistinguishable from this court's decision in *Einboden v. Dep't of the Navy*, 802 F.3d 1321, 1323 (Fed. Cir. 2015). In that case, Mr. Einboden, a civilian employee of the Navy, was subject to the same 2013 furlough resulting from sequestration as Mr. Harrow. Mr. Einboden appealed his six-day furlough to the Merit Systems Protection Board, and after the Board upheld his furlough, he petitioned this court for review. *Id.* at 1323–24. We agreed with the Board that the requirement of section 7513(a) to "promote the efficiency of the service" was met by "a reasonable management solution to the financial restrictions placed on the agency" in

which the "agency determine[d] which employees to furlough in a fair and even manner." *Id.* at 1325 (citation omitted). In affirming the Board's decision, we also underscored that "[i]t is not our role to second guess agency decisions as to how to prioritize funding when faced with a budget shortfall." *Id.* at 1325 (citing *Berlin v. Dep't of Labor*, 772 F.3d 802, 894–95 (Fed. Cir. 2014)). "Management decisions as to which individual employees to furlough in the face of budget shortfalls are within the sound discretion of agency officials." *Id.* at 1326.

We see no reason to depart from *Einboden*. Mr. Harrow argues that "*Einboden* is no longer good law" because its holding rests on the deference afforded to agency interpretations of statutes prior to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Reply Br. 23. Mr. Harrow's argument is that the *Einboden* decision cited this court's decision in *Berlin*, which in turn cited *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which was overruled in *Loper Bright*. But the *Einboden* decision was supported by a different rationale and did not rest, directly or indirectly, on *Chevron*.

*Loper Bright* stands for the proposition that the interpretation of statutes is primarily the responsibility of courts and that courts should not defer to agency interpretations of ambiguous statutes simply because the agency interpretations are permissible. *See* 603 U.S. at 400. In this case, however, this court in *Einboden* interpreted the "efficiency of the service" requirement in section 7513 to give agencies broad latitude in making furlough decisions based on financial constraints. This is not a case of abdication of judicial responsibility. Instead, it reflects the court's understanding of Congress's intent to leave such decisions principally to the agencies faced with the need to make difficult policy decisions in allocating appropriated funds. *See Loper Bright*, 603 U.S. at 394 ("In a case involving an agency, of course, the statute's

meaning may well be that the agency is authorized to exercise a degree of discretion.").

Prior to this court's decision in *Einboden*, the Board in *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163 (2013), employed the same analysis of the "efficiency of the service" requirement in a different furlough case related to sequestration. The Board held that "[a]n agency need not show that its furlough-related decisions were the best decisions." *Id.* at 175. Indeed, an agency need only show that "the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a 'fair and even manner.'" *Id.* at 171 (quoting *Clark v. Off. of Pers. Mgmt.*, 24 M.S.P.R. 224, 225 (1984)). In other words, "the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons." *Id.* (citation omitted).

Mr. Harrow does not allege that he was treated differently from similarly situated employees. Thus, in light of *Einboden* and *Chandler*, the Department only needed to show that the furlough imposed by the Department on most of its civilian employees was a "reasonable management solution" to the fiscal shortfall that faced the Department due to the sequestration.

C

Mr. Harrow argues that this court's decision in *Einboden* and the Board's decision in *Chandler* failed to apply the statutory requirement that a furlough of less than 30 days be supported by a showing that the action is taken "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a)(1); *see* Pet'r Br. 38–40. Specifically, Mr. Harrow argues that the Department did not satisfy that standard because "the record evidence shows

that the furlough in general, and Mr. Harrow's furlough in particular, was *inefficient*." Pet'r Br. 40–41.[2]

Contrary to Mr. Harrow's contention, we find that substantial evidence supports the administrative judge's finding that there was a "factual basis for the furlough and that it promoted the efficiency of the service." App'x 25. The administrative judge based that finding on documentary evidence, including a furlough memorandum by the Secretary of Defense containing "the reasoning that led [the Secretary] to this difficult decision," together with affidavits supporting that decision. *Id.* at 23, 299–309, 310–12, 320–21. As in *Synder v. Dep't of Navy*, 854 F.3d 1366, 1374 (Fed. Cir. 2017), we find that evidence sufficient to support a finding by the Board that the furlough in Mr. Harrow's case was a "reasonable management solution."

Section 7513(a) does not impose an affirmative requirement on the Department to justify the decision to furlough Mr. Harrow (or any other particular employee) on an individual basis in order to satisfy the "efficiency of

---

[2] As support for his position, Mr. Harrow points to the exclusion of reductions-in-force and furloughs of more than thirty days in section 7512 from the "efficiency of the service" requirement of section 7513(a). Pet'r Br. 38–39; *see* 5 U.S.C. § 7512 (5), (B). While Congress's reason for including short furloughs (but not long furloughs or reductions-in-force) under section 7512 is unclear, there is no basis for inferring that the proof of the "efficiency of the service" that must be demonstrated in the case of a furlough of numerous agency employees for fiscal reasons must be of the same character as the proof of the "efficiency of the service" that is required to justify the kinds of individualized actions that are covered by section 7513(a), i.e., removal, suspension, a reduction in grade, and a reduction in pay. *See* 5 U.S.C. § 7512 (1)–(5).

the service" standard.  Aside from instances of disparate treatment of similarly situated individuals, the decisions in *Einboden* and *Chandler* recognize that it would be impracticable, if not impossible, to weigh the relative "efficiency of the service" associated with the contributions of each individual employee in determining which employees to furlough.  *See also Nat'l Fed'n of Fed. Emps., Loc. 1442 v. Dep't of the Army*, 810 F.3d 1272, 1280 (Fed. Cir. 2015) (When faced with sequestration, "it was reasonable for DOD to consider its budget situation holistically," rather than isolating the situation of each individual component.  (citation omitted)).[3]

Nor would it be appropriate for the Board (or this court) to substitute its judgment for that of the agency. The Board acknowledged in *Chandler* that "[t]here are many ways in which agency management could have structured the furlough, and it is not the Board's place to select from among them."  120 M.S.P.R. at 179.  The Department's decision to furlough Mr. Harrow was directly related to its war-fighting mission in light of the limited funding available because of the sequestration.  *See* App'x 32 (Notice of Proposed Furlough) ("DoD will need funding in other accounts that can be used to provide the warfighters with what they need to protect national security and fight this war.").  There was therefore no

---

[3]   Presumably most, if not all, agency employees could show that furloughing them would be disadvantageous to the agency as compared to having their services during the furlough period.  But in a case in which furloughs are mandated by fiscal constraints such as sequestration, measures that "promote the efficiency of the service" may be suboptimal choices that are the least damaging to the agency's mission.  In such situations, the agency cannot be required to show that it would be better off without the employee than with him.

error in the Board's decision that the furlough was a "reasonable management solution."  App'x 2 (Final Decision), 23 (Initial Decision).

IV

"We give wide berth to agency decisions as to what type of adverse action is necessary to 'promote the efficiency of the service,' provided that the agency's decision bears some nexus to the reason for the adverse action." *Einboden*, 802 F.3d at 1325–26 (citation omitted).  We uphold the Board's findings that Mr. Harrow was treated in a "fair and even manner," and that the Department's decision to furlough him when facing the budget constraints of sequestration represented a "reasonable management solution."  *Id.* at 1325.  Under those circumstances, we will not second-guess the Department's furlough decision.

**AFFIRMED**

COSTS

No costs.